# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JOSEPH LAMAR MEDLOCK, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV416-251 |
| ) | CR413-007 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

After pleading guilty to drug charges, CR413-007, doc. 649 (plea agreement); doc. 653 (judgment for 77 months' imprisonment), Joseph Lamar Medlock took no appeal, and now moves under 28 U.S.C. § 2255 to vacate his sentence. Doc. 809. He raises sentencing errors and insists his motion is not untimely because his lawyer disregarded his instruction to take a direct appeal. *Id.* at 4-5, 9 & 10. Upon preliminary review under §2255 Rule 4, his motion must be denied.

Medlock's sentencing error claims are procedurally defaulted -- he cannot use a § 2255 motion "as a 'surrogate' for a missed direct appeal." *Jones v. United States*, 2015 WL 464243 at * 1 (S.D. Ga. Jan. 28, 2015) (citing *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004)); *see*

*Stone v. Powell*, 428 U.S. 465, 478 n. 10 (1976) (28 U.S.C. § 2255 will not be allowed to do service for an appeal). "Under the procedural default rule, a defendant generally must advance an available challenge[1] to a criminal conviction or sentence on direct appeal or else [he's] barred from presenting that claim in a § 2255 proceeding." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (footnote added). Medlock can overcome procedural default by showing "cause excusing his failure to raise the issue previously and prejudice from the alleged error." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). A meritable ineffective assistance of counsel (IAC) claim "may satisfy the cause exception to the procedural bar." *Id.* at 1344.

Medlock nominally pleads IAC to overcome his failure to appeal: "Because [my] lawyer failed to [file] my appeal after being directed to do so by me." Doc. 809 at 10. A failure to consult with a defendant regarding an appeal, or otherwise abide his wish to appeal, can constitute IAC. *See Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). But Medlock expressly told his lawyer, in writing, *not* to file an appeal after he was

---

[1] All of Medlock's sentencing claims were available on direct appeal unlike, say, an ineffective assistance of counsel claim.

2

fully informed of his appellate rights. *See* doc. 651 ("Notice of Post-Conviction Consultation") at 2.[2] Medlock ignores this inconvenient fact in declaring, under penalty of perjury, the contrary. Doc. 809 at 12 ("I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. . . .").[3] His bare assertion to the contrary now cannot overcome what he swore to be true shortly after sentencing. *See, e.g., Eason v. United States*, 2014 WL 4384652 at * 3 (S.D. Ga. Sept. 3, 2014). And with nothing to excuse his failure to appeal, Medlock's claims are procedurally defaulted. *See Nyhuis*, 211 F.3d at 1344.

---

[2] The Notice is a document this Court developed to memorialize counsel's consultation with his client and reflect the client's appeal decision. *See Guyton v. United States*, 2013 WL 1808761 at * 2 (S.D. Ga. Apr. 29, 2013) (the "Notice of Counsel's Post–Conviction Obligations" requires that both counsel and client execute and file the form, thus preserving a record of defendant's instructions regarding an appeal).

[3] Lying under oath, either live or "on paper," is a criminally prosecutable offense. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

Movant's § 2255 motion is also untimely. He took no appeal from the September 10, 2014 judgment against him, so his conviction became final on September 24, 2014. Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment). That means he had to file his § 2255 motion by no later than one year later, September 24, 2015. 28 U.S.C. § 2255(f). He "signature-filed" his § 2255 motion on September 15, 2016.[4] Doc. 809 at 12. Hence, he filed it beyond the one-year limit.

Accordingly, Joseph Lamar Medlock's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.")

---

[4] *See Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing").

(emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED,** this  22nd  day of September, 2016.

*/s/ G. R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA